IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02772-MDB

THE ESTATE OF JAY PHILIP PRITCHARD, by and through its personal representative
Nola Mawhinney;

Plaintiff,

v.

BOARD OF COUNTY COMISSIONERS OF THE COUNTY OF PUEBLO, COLORADO,
DAVID J. LUCERO, SHERIFF OF PUEBLO COUNTY, in his official capacity
WELLINGTON DUPLESSIS, in his individual capacity;
ANDREW WARD, in his individual capacity;
NAPHCARE, INC., an Alabama Corporation;
STACY VALDEZ, in her individual capacity;
TAMMY LABORDE, in her individual capacity;
ACASHA KERR, in her individual capacity

Defendants.

---

**PARTIAL MOTION TO DISMISS BY DEFENDANTS NAPHCARE, INC., STACY
VALDEZ, TAMMY LABORDE, AND ACASHA KERR**

---

Defendants NaphCare, Inc., Stacy Valdez, Tammy Laborde, and Acasha Kerr (collectively

"NaphCare Defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss

the 42 U.S.C. § 1983 claims made against them.[1]

## INTRODUCTION

Plaintiff, The Estate of Mr. Jay Philip Pritchard, claims that various individuals working at

the Pueblo County Detention Facility ("PCDF") violated Mr. Pritchard's Fourteenth Amendment

rights because he used a corded telephone to tragically take his own life. (*See* ECF No. 1 at ¶¶ 4–

---

[1] This is a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's First and Second Claims
against the NaphCare Defendants and is therefore exempt from the duty to confer under
D.C.Colo.LCivR 7.1.

9.). Plaintiff claims that Stacy Valdez, Tammy Laborde, and Acasha Kerr (collectively "the individual NaphCare Defendants") and NaphCare, Inc. ("NaphCare"), through a policy of failing to systematically document suicide risk and protective factors, were deliberately indifferent to Mr. Pritchard's medical needs.[2] Plaintiff makes no allegation that the individual NaphCare Defendants were involved in providing Mr. Pritchard with the telephone cord – they were not. (*Id.* at ¶ 4.)

However, by Plaintiff's own admission in her Complaint, the individual NaphCare Defendants engaged in repeated efforts to evaluate and treat Mr. Pritchard's medical and mental health conditions every day in custody prior to his death. (*Id.* at ¶¶ 69–93.) Acasha Kerr, a licensed clinical social worker, ultimately removed Mr. Pritchard from suicide watch following an evaluation where Mr. Pritchard made multiple statements to her (and to other medical providers) that he was not suicidal. (*See id.*).

Plaintiff does not allege that the individual NaphCare Defendants knew of and consciously disregarded a substantial risk that Mr. Pritchard would commit suicide. In fact, Plaintiff does not allege that Mr. Pritchard ever told an individual NaphCare Defendant he was suicidal.

More importantly, Plaintiff does not (and cannot plausibly) allege that the individual NaphCare Defendants caused Mr. Pritchard's death or the existence of any causal link between a NaphCare policy and Mr. Pritchard's death. Plaintiff cannot pursue a Fourteenth Amendment claim in the absence of facts which could permit the inference that the NaphCare Defendants caused the constitutional injury alleged. Therefore, the Court should dismiss the § 1983 claims against them.

---

[2] This Partial Motion addresses the claims that the NaphCare Defendants were deliberately indifferent to Mr. Pritchard's mental health risks. (See ECF No. 1 at ¶¶ 146, 147, 148, 163–165.)

## **FACTUAL BACKGROUND**

On October 29, 2021, Pueblo Police Department officers arrested Mr. Jay Philip Pritchard. (ECF No. 1 at ¶ 1, 54.) During the arrest, Mr. Pritchard allegedly sustained a fractured left femur (*Id.* at ¶ 1.) Officers brought Mr. Pritchard to Parkview Medical Center for evaluation. (*Id.* at ¶ 55.) Providers subsequently released Mr. Pritchard into custody later that day without diagnosing a fractured femur. (*Id.* at ¶ 56.)

Upon Mr. Pritchard's arrival at the Dennis Maes Judicial Building on October 29, 2021 and through his custody, various encounters took place between the individual NaphCare Defendants and Mr. Pritchard. (*Id.* at ¶¶ 69–93.) On October 30, Defendant Stacy Valdez, a registered nurse involved in Mr. Pritchard's evaluation, engaged with him for over twenty minutes and documented various procedures. (*Id.* at ¶¶ 74, 75.) Valdez administered medical assessments and care, including taking Mr. Pritchard's blood pressure and providing an insulin shot. (*Id.* at ¶¶ 74, 77.) Later that evening, Pueblo County Sheriff's Officers transported Mr. Pritchard from the Judicial Building to the PCDF (*Id.* at ¶¶ 86.) Shortly after arrival, Nurse Practitioner Erik Renicker attempted to psychiatrically assess Mr. Pritchard, but Mr. Pritchard declined the evaluation. (*Id.* at ¶ 87.)

The next morning, Defendant Acasha Kerr, a licensed clinical social worker, conducted a face-to-face assessment of Mr. Pritchard in his cell. (*Id.* at 88.) Based on her evaluation, including Mr. Pritchard's statements that he was not suicidal, she removed Mr. Prichard from suicide watch and placed him in general population. (*Id.* at 89.) At approximately 1:40 p.m. on November 1, Defendant Tammy Laborde, another mental health provider, evaluated Mr. Pritchard. (*Id.* at 92.) Laborde documented that Mr. Pritchard specifically stated, "I am not suicidal." (*Id.* at 93.) That evening, Deputy Duplessis gave Mr. Pritchard a corded telephone and left him unattended in his cell. (*Id.* at 94.) Tragically, Mr. Pritchard used this cord to take his own life. (*Id.* at 97.)

3

## LEGAL STANDARD

### A.        F.R.C.P. 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a claim when a plaintiff fails "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, to state a claim, a plaintiff "must explain what each defendant did to hem or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"Threadbare recitals of the elements of a cause of actions, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The ultimate duty of the Court on a motion to dismiss is to determine if the plaintiff "sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### B.        Deliberate Indifference

The first legal theory proposed by Plaintiff is a purported Fourteenth Amendment violation for inadequate medical care against the individual NaphCare Defendants actionable under 42 U.S.C. § 1983. (*See* ECF No. 1 at 9.) To state this Fourteenth Amendment claim, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). This involves both an objective and subjective component. Under the objective component, the alleged deprivation must be "sufficiently serious" to constitute a deprivation of constitutional dimension. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In other words, the plaintiff must show that the medical need has been

diagnosed by a physician as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective prong requires that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Stated another way, the defendant must have known that the plaintiff "faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotations omitted). This subjective standard is the equivalent of criminal recklessness, not mere negligence. *See e.g.*, *Farmer*, 511 U.S. at 836–37.

A medical provider's negligent failure to provide adequate medical care does not constitute unnecessary and wanton infliction of pain and therefore does not give rise to a constitutional violation. *Self*, 439 F.3d at 1230. An "inadvertent failure to provide medical care is not enough, nor does a complain that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the [Fourteenth] Amendment." *Id.* (internal quotations omitted). Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the provider, even if grossly negligent, is not subject to second-guessing in the guise of a Fourteenth Amendment claim. *See, e.g.*, *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997).

### C.     *Monell* Liability

The other legal theory proposed by Plaintiff is a Fourteenth Amendment violation against NaphCare pursuant to the principles of entity liability established in *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). To state such a claim, Plaintiff must demonstrate that NaphCare itself had an unconstitutional policy, practice, or custom that "was the direct cause or moving force behind the

5

constitutional violation." *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). The plaintiff must also show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury. *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 769 (10th Cir. 2013). For "deliberate indifference" to exist, the causal connection between the deprivation of a federal right and the policy at issue must be such that the deprivation was a "plainly obvious consequence" of it. *Board of the County Comm'rs v. Brown*, 117 S. Ct. 1382, 1392 (1997). The requirement of causation is to be "rigorously" applied. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

## ARGUMENT

### I.      PLAINTIFF FAILS TO STATE A § 1983 CLAIM FOR WHICH RELIEF MAY BE GRANTED AGAINST THE NAPHCARE DEFENDANTS

Plaintiff's § 1983 claims against these Defendants are deficient and should be dismissed. First, Plaintiff fails to adequately allege that the individual NaphCare Defendants acted with deliberate indifference to Plaintiff's known mental health risks. Second, Plaintiff's Complaint fails to adequately plead that the NaphCare Defendants, individually or through any NaphCare policy, caused the constitutional injury alleged. Therefore, the Court should dismiss the § 1983 claims against the NaphCare Defendants.

#### A.      Plaintiff's Allegations Fail to State a Claim of Deliberate Indifference by Defendants Valdez, Kerr, and Laborde

Plaintiff has not adequately pled facts that would permit any inference – let alone a reasonable one – that any individual NaphCare Defendant had the requisite culpable state of mind.[3]

---

[3] Conclusory allegations that any of these Defendants were deliberately indifferent to Plaintiff's medical needs or condition are "not adequate to state a claim that [they] were deliberately indifferent to [Plaintiff's] medical treatment." *Bingham v. Zavaras*, 2011 WL 2610124, at *10 (D. Colo. Oct. 9, 2014); *see also Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) (general conclusory allegations, without supporting factual averments, are insufficient to state a claim for

Plaintiff does not allege that Mr. Pritchard ever told any individual NaphCare Defendant he was suicidal. Instead, Plaintiff has affirmatively pleaded that Mr. Pritchard told them he was not suicidal. (*See* ECF No. 1 at ¶¶ 89, 93.)

Plaintiff has alleged facts which demonstrate numerous interactions between medical providers, including the individual NaphCare Defendants, indicating their attempts to assess and attend to Mr. Pritchard's condition (*See* ECF No. 1 at ¶¶ 69–93.). Although Plaintiff may ultimately disagree with the course of care undertaken by the individual NaphCare Defendants, such a disagreement does not give rise to a colorable deliberate indifference claim. *See e.g.*, *Perkins*, 165 F.3d at 811 ("a prisoner who merely disagrees with a diagnosis or prescribed course of treatment does not state a constitutional violation"); *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1064 (S.D. Cal. 2007) (finding that plaintiff's disagreement with scope of mental health treatment was merely a disagreement about the necessity for and proper course of treatment that was not actionable under 42 U.S.C. § 1983 and did not demonstrate that any of the defendant acted with the requisite culpable state of mind); *Elam v. Hernandez*, No. 09-cv-02780, 2011 WL 2785676, at *6 (C.D. Cal. May 5, 2011) ("Neither a difference of opinion about the proper course of treatment nor a dispute over the necessity for or extent of medical treatment amounts to deliberate indifference."), *report and recommendation adopted*, 2011 WL 2838183 (C.D. Cal. July 12, 2011).

---

deliberate indifference). Such conclusory and unsupported statements should be disregarded in ruling on the instant motion. *See e.g.*, *Karsten v. Camacho*, 2013 WL 8335455, at *4 (D. Colo. Dec. 3, 2013) (finding plaintiff's allegations did not meet the subjective component of the deliberate indifference standard after disregarding his conclusory assertions of deliberate indifference), *report and recommendation adopted*, 2014 WL 161327 (D. Colo. Apr. 22, 2014); *Sorensen v. Rable*, 2009 WL 2982007, at *5 (D. Colo. Sept. 11, 2009) (recommending dismissal where the plaintiff made only conclusory allegations of deliberate indifference but no factual allegations to support a reasonable inference that the defendants knew of and disregarded a substantial risk of harm to plaintiff).

Noe does the Complaint sufficiently allege that the individual NaphCare Defendants possessed actual knowledge of a substantial risk that Mr. Pritchard would commit suicide and that they consciously disregarded it. Plaintiff has not pleaded any facts (instead of mere conclusions) to support their claims that the individual NaphCare Defendants were actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that they actually "dr[ew] the inference." *Farmer*, 511 I.S. at 837.

Plaintiff does not allege that Mr. Pritchard ever told an individual NaphCare Defendant he was suicidal. Rather, Plaintiff has pleaded that Mr. Pritchard stated on at least two occasions that he was not suicidal and refused a psychiatric assessment on one other. (*See* ECF No. 1 at ¶¶ 87. 89, 93.) Plaintiff cannot impute the knowledge of Pueblo Police Department officers to the NaphCare Defendants. *Vasquez v. Davis,* 2016 WL 775677, at *6 (D. Colo. Feb. 29, 2016) ("[Plaintiff] has pointed the Court to no authority in which collective knowledge [of correctional staff "writ large"] can allow some particular official to 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference.") Lack of actual knowledge is a sufficient basis to dismiss the deliberate indifference claims against the individual NaphCare Defendants. *See Estate of Wells v. Bureau Cty.,* 723 F. Supp. 2d 1061, 1075 (C.D. Ill. 2010) (plaintiff failed to demonstrate defendants actually knew of and disregarded substantial risk of imminent suicide, where inmate denied suicidal intent and jail staff were not informed of pre-arrest suicidal statements or family's concern of risk).

### B.    Plaintiff's Complaint Fails to State a Plausible Deliberate Indifference Claim against NaphCare under *Monell*

Plaintiff alleges in conclusory fashion that NaphCare's failure to systematically document risk and protective factors for suicide constitutes deliberate indifference. (ECF No. 1 at ¶ 109.) But Plaintiff cannot adequately plead a causal link between this practice and the injury alleged. *See*

*Waller v. City and County of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019). Therefore, Plaintiff cannot state any *Monell* theory against NaphCare, and Plaintiff's failure to document theory of liability is thus not plausible on its face. *See e.g.*, *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).

Plaintiff has pleaded that Mr. Pritchard's death was caused by a telephone cord that was given to him by Deputy Duplessis. (ECF No. 1 at ¶¶ 4, 94.). Plaintiff alleges that Deputy Duplessis "inexplicably gave Mr. Pritchard a telephone with dozens of feet of loose cord and left him unattended for twenty-five (25) minutes." (*Id.* at ¶ 4.) There is no allegation permitting any inference, let alone a reasonable one, that could connect this independent act to any NaphCare policy or custom of documentation. There is no allegation that any act by any individual NaphCare Defendant caused Deputy Duplessis to give Mr. Pritchard this telephone.

Plaintiff's additional allegations that NaphCare had a policy or custom of failing to adequately train and supervise qualified employees to provide suicide assessments are equally conclusory and implausible. (ECF No. 1 at ¶ 163.). Liability for deprivation of rights "is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Notice of specific training defects is critical. *See id.* While Plaintiff vaguely asserts that NaphCare failed to train and supervise its staff to provide adequate suicide risk screening, Plaintiff fails to allege how NaphCare was on notice of any specific defect in the training, qualifications, or supervision of its staff, including Ms. Kerr, a licensed clinical social worker. Plaintiff provides no allegedly similar events at PCDF, let alone any factual allegations as to how these other events provided notice to NaphCare of any specific defects in the training or qualifications of staff.

In sum, Plaintiff's Complaint fails to allege facts showing that a specific custom, policy, or training defect of NaphCare was the moving force behind Mr. Pritchard's suicide. Plaintiff's

conclusory allegations fail to meet the rigorous standards of causation for a claim of *Monell* liability. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (ruling the requirements of causation are to be rigorously applied). Accordingly, the § 1983 claims against NaphCare should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's 42 U.S.C. § 1983 claims against Defendants NaphCare, Inc., Stacy Valdez, Tammy Laborde, and Acasha Kerr should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.


Dated:  December 18, 2023.

Respectfully submitted,

*/s/ Robert R. McLeod*
Brenda S. McClearn
Robert R. McLeod
Hall Booth Smith, P.C.
5445 DTC Parkway, Suite 900
Greenwood Village, CO 80111
Telephone:     303.773.3500
Facsimile:     720.806.2292
Email: rmcleod@hallboothsmith.com

*Attorneys for NaphCare, Inc., Stacy Valdez, Tammy Laborde, and Acasha Kerr*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on December 18, 2023 I electronically filed the foregoing **MOTION TO DISMISS BY DEFENDANTS NAPHCARE, INC., STACY VALDEZ, TAMMY LABORDE, AND ACASHA KERR** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Phillip A. Geigle
Anna L.C. Geigle
Geigle Morales, LLC
1720 South Bellaire Street, Suite 110
Denver, Colorado 80222
Phillip@pgalegal.net

*Attorneys for Plaintiff*

Ann Baumgartner Smith
Vaughan & DeMuro
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
asmith@vaughandemuro.com

*Attorney for County Defendants*

/s/ Robert R. McLeod
Robert R. McLeod