IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-02772-GPG-MDB

THE ESTATE OF JAY PHILLIP PRITCHARD, by and through its personal representative Nola Mawhinney,

    Plaintiff,

v.

BOARD OF COUNTY COMMISIONERS OF THE COUNTY OF PUEBLO, COLORADO,
DAVID J. LUCERO, SHERIFF OF PUEBLO COUNTY, in his official capacity,
NAPHCARE, INC., an Alabama Corporation,
STACY VALDEZ, in her individual capacity,
TAMMY LABORDE, in her individual capacity,
ACASHA KERR, in her individual capacity,

    Defendants.

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell issued on February 20, 2025. Judge Dominguez Braswell recommended that Plaintiff's Motion for Leave to File First Amended Complaint (D. 74) be granted in part and denied in part. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation (D. 82).

The parties were advised that they had fourteen days, after being served with a copy of the Recommendation, to file written objections to obtain reconsideration by the District Judge assigned to the case. *See* Fed. R. Civ. P. 72(b). Plaintiff objects only "to the recommended denial

1

of leave to amend its (1) First Claim for Relief (42 U.S.C. § 1983) against Defendant Acasha Kerr and, in part, against Defendant Stacy Valdez; and (2) Second Claim for Relief (Monell liability) against Defendant NaphCare, Inc. and Defendants Board of County Commissioners of the County of Pueblo and Pueblo County Sheriff David J. Lucero (collectively the "County Defendants") (D. 83 at 1-2).

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's failure to file such written objections may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate's [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

I.  **Claim 1 under 42 U.S.C. § 1983 against Kerr and Valdez**

   A.  **Non-Straight-Line Theory**

This Court has rejected what it previously termed the non-straight-line theory (D. 69 at 47). Plaintiff cannot assert liability on the basis that Defendants knew he was in pain, however severe, and that Plaintiff committed suicide as a result of that pain. *See Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994) (the detention facility, though knowing Hocker was intoxicated or under the influence of drugs, had no knowledge of [] a specific risk of suicide). And this makes sense because suicide is a very specific risk tied to mental health related issues—not

2

intoxication, not drug use, not pain from an injury, or any combination thereof. For there to be liability, there has to be a showing that a defendant was on notice. This Court finds that the non-straight-line theory is not cognizable no matter the permutations Plaintiff attempts to assert.

Plaintiff views it differently. Plaintiff believes that this Court Order dismissed any non-straight-line claim(s) "merely [because the Court] determined that Plaintiff's original allegations were insufficient to establish such deliberate indifference" (D. 83 at 7). The Plaintiff is incorrect and Judge Dominguez Braswell correctly divined what this Court previously held, stating

> Judge Gallagher expressly rejected that theory as "not cognizable as to any defendant." (Doc. No. 69 at 48:10-12.) The Court does not see anything in Judge Gallagher's Order to suggest that new facts can save a non-cognizable theory.

(D. 82 at 9). This Court has previously determined and continues to find that the non-straight-line theory is not cognizable as a matter of law. The problem is with the theory of liability, not the strength of the factual assertions in support of it. To the extent Plaintiff's protestations to the contrary can be construed as a motion to reconsider, that motion is denied.

### B. Straight-Line Theory as to Defendant Kerr

Judge Dominguez Braswell found the additional factual assertions regarding Defendant Kerr insufficient to state a deliberate indifference claim (D. 82 at 14). Individually examining the allegations, Judge Dominguez Braswell determined that the allegations may support a negligence theory—" but they are not enough to demonstrate deliberate indifference" (*id*.). Plaintiff disagrees, asserting that "the Recommendation overlooks several proposed amended allegations based on evidence obtained through discovery" (D. 83 at 8).

This Court must thus conduct a de novo review as to the sufficiency of the new allegations regarding Defendant Kerr, in combination with the previously asserted facts, to determine if they are sufficient to assert a deliberate indifference claim against Defendant Kerr.

This Court previously determined that Plaintiff sufficiently alleged Fourteenth Amendment denial of medical care claim to the extent such a claim was premised on deliberate indifference against Defendant Kerr (D. 69 at 52-53).  However, Plaintiff did not sufficiently allege such a claim against Defendant Kerr to the extent Plaintiff alleges that Defendant Kerr acted with deliberate indifference to the risk that Mr. Pritchard might have committed suicide (*id*. at 52).

As previously discussed by this Court, to sufficiently allege a straight-line deliberate indifference claim in the mental health context, Plaintiff must plead facts that Defendant Kerr ignored a risk of suicide so obvious that a layperson would recognize the risk (*id*. at 49).  The facts originally asserted against Defendant Kerr that this Court discussed at the motion hearing were the face-to-face meeting between Pritchard and Kerr at the jail cell door during which Kerr noted that Pritchard was calm, cooperative, and had appropriate speech (*id*. at 51).  At that time, Pritchard told Kerr that he was not suicidal but that he had was tired, as an explanation for his earlier behavior (*id*.).  Defendant Kerr apparently accepted Pritchard's explanation(s) and downgraded his suicide watch status (*id*.).

Plaintiff's additional allegations against Defendant Kerr include that: (1) her practice was to review a patient's chart prior to conducting an assessment; (2) NaphCare's internal audit log shows Kerr did not follow that practice; (3) Kerr was aware of the nature of suicide risk factors;

4

(4) Kerr was inaccurate and misleading in her notes regarding her interaction with Pritchard[1]; and (5) Kerr elongated the length of her interaction in her report (D. 74-1 at 27).

After a full de novo review, I entirely concur with Judge Dominguez Braswell's recommendation that the new allegations contradict deliberate indifference and instead support negligence. Plaintiff again fails to sufficiently allege deliberate indifference against Defendant Kerr as to the straight-line mental health theory.

## II.   Claim 2 for *Monell* liability against NaphCare and the County Defendants

Judge Dominguez Braswell recommended denying leave to amend Claim two for *Monell* liability against NaphCare and the County Defendants (D. 82 at 15-17). Plaintiff states that "[t]he Recommendation is misplaced, however, in that it disregards several amended allegations establishing dangerous customs and policies, and overlooks facts from which a jury could infer NaphCare's and the County Defendants' knowledge of the risks of such customs and policies" (D. 83 at 3). Plaintiff goes on to assert that this Court previously dismissed the *Monell* liability claim on the basis of sufficiency of the pleadings and not based on the theory of liability (*id.*). Plaintiff believes that the bolstered allegations now sufficiently assert *Monell* liability (*id*. at 3-4). Plaintiff also believes that the proposed amended complaint added "several amended allegations establishing dangerous customs and policies" (D. 83 at 3).

Judge Dominguez Braswell determined that Plaintiff essentially "reallege[d] and reargue[d] the same *Monell* theories previously rejected by [this Court], with the exception of one pivot: Plaintiff introduces a new theory premised on the severe understaffing problems and suicide

---

[1] This statement appears to be either a legal conclusion or an attempt to rehash the non-straight-line theory (because it discusses pain as a factor in this context) or both. The same goes for ¶¶ 122 and 123 which primarily focus on Pritchard's pain vis a vis the assessment rather than pure mental health issues.

risks associated with the same. (D. 82 at 15). Judge Dominguez Braswell then engaged in a significant analysis of the understaffing assertions and determined the allegations insufficient to assert a *Monell* claim because "Plaintiff must plead actual knowledge of, and direct indifference to, the risks of understaffing" (*id*. at 16). As to those allegations specifically supporting knowledge by NaphCare, Judge Dominguez Braswell examined them and determined them to be conclusory and devoid of supporting facts (*id*. at 17). Ultimately, Judge Dominguez Braswell opined that "Plaintiff's new allegations are insufficient to state a claim under *Monell* and the amendment would be futile" (*id*. at 17).

Analysis of this issue properly starts with this Court's prior order from the motion hearing held on September 23, 2024 (D. 69). At that hearing, this Court stated:

> Plaintiff fails to show that any policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury. Plaintiff also fails to show that the municipality and its actors had actual or constructive notice that their actions or failure to act were substantially certain to result in a constitutional violation. Because plaintiff's complaint contains merely conclusory allegations and not well-pled facts as required by *Twombly* and *Iqbal*, I grant the motion to dismiss the municipal liability claim.

(D. 69 at 59).

This Court has independently conducted a de novo review of all additional allegations which Plaintiff believes support *Monell* liability (D. 74-1) and concurs that Plaintiff still has not sufficiently alleged *Monell* liability against either NaphCare or the County Defendants. As to the attempted but bolstered reassertions in support of a non-straight-line approach, *see infra*, that theory continues to be rejected for the same reasons as before which are not for lack of sufficiency but rather because the theory is not legally tenable.

6

As it relates to Plaintiff's understaffing theory, Plaintiff must prove "Defendant had a policy of deliberate indifference to the risk of understaffing and that this policy caused their injuries." *Floyd v. Ada* County, No. 17-cv-00150-DCN, 2018 WL 3212006, at *4 (D. Idaho June 29, 2018).  Plaintiff attempts to tie understaffing to an insufficient physical examination by Defendant Valdez but does so in the context of physical pain and what this Court has already termed as the non-straight-line theory and rejected (D. 74-1 at 19 ¶ 89).  Plaintiff fails to sufficiently link any understaffing and a policy to understaff to Plaintiff's injuries and the *Monell* claim is not sufficiently alleged.

After reviewing all the relevant pleadings, the Court concludes that Judge Dominguez Braswell's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the face of the record.  Accordingly, the Court AFFIRMS and ADOPTS Judge Dominguez Braswell's Recommendation as an order of this Court.  (D. 82). Plaintiff's Motion for Leave to File First Amended Complaint (D. 74) is granted in-part and denied in-part as follows:

Plaintiff's motion to amend the § 1983 claim against Defendant Valdez is GRANTED, but only to the extent the claim is based on a conventional straight line theory;

Plaintiff's motion to amend the § 1983 claims against Defendant Kerr and Laborde is DENIED;

Plaintiff's motion to amend and essentially revive her *Monell* claims against Defendants NaphCare and the County is DENIED; and

Plaintiff's motion to assert exemplary damages against the Individual Defendants is GRANTED.

Plaintiff SHALL file an Amended Complaint complying with this Order within fourteen (14) days.

DATED July 2, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge